# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN DAVE LEVYS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHANNEL 11 NEWS, MATTHEW )<br>SANTONI, and PITTSBURGH TRIBUNAL, )<br>)<br>Defendants. ) | Civil Action No. 17-933<br>Judge David Stewart Cercone/<br>Chief Magistrate Judge Maureen P. Kelly |

## **REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

At the time of the initiation of the present civil action, Lincoln Dave Levys, Jr., ("Plaintiff") was a state prisoner, incarcerated at the State Correctional Institution in Camp Hill ("SCI-Camp Hill"). Plaintiff has filed a civil rights action, naming three defendants: 1) Channel 11 News; 2) Mathew Santoni (a reporter) and 3) Pittsburgh Tribunal [sic], which we take to be a reference to the Pittsburgh Tribune Newspaper given Plaintiff's allegations in the Complaint.

Because the Complaint on its face demonstrates that the civil action fails to state a claim given that there is no action under color of state law, the Complaint should be dismissed before being served pursuant to the Prison Litigation Reform Act.

## A. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, ECF No. 4, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e).

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915(e) to determine if the Complaint fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other

matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

B. DISCUSSION

1. **Plaintiff's Complaint**

Plaintiff used the Form Complaint provided by the Clerk's Office. In the Complaint, he indicated that the dates of the event giving rise to the lawsuit occurred on September 23, 2016 and September 27, 2016. Plaintiff identifies the place of the event as the Allegheny County Jail. ECF No. 1-1, ¶ IV. A., B. The complete factual allegations are as follows:

> On the above mentioned dates the defendants published via newspaper and televised false accusations which led to me being assaulted and hospitalized along with an indelible mark upon the jury with said propaganda, which made them bias and prejudicial. Channel 11 news broadcasted that I burnt my son and showed pictures on the news knowing it would put my life and safety at risk because they had prior to that stated, via news, that the judge was worried about my safety because of the alleged charges. I was that same day, assaulted and hospitalized, and the perpetrater [sic] claimed "its because you burnt your son as the news said." He would've never known about the alleged accusation had it not been falsely broadcasted. Prior to that, Matthew Santoni published, during my trial, that the judge said Mister Levys is professing to be a sovereign and that he is not subject to the law. I never said so[,] therefore I questioned the judge as to why he would say that knowing the jury would read and take that into delibrate [sic] consideration. He said he never said so yet there[']s an article in the in the [sic] paper (news) written and published in full, mendaciously, by Matthew Santoni, at the Pittsburgh Tribunal [sic] while colluding with channel 11 ignoring an obvious and serious danger, which prior to these incidences was also published in the papers which I have in evidence all of which is deliberatey [sic] indifferent that exposed me to an unreasonable risk of harm.

Id.

When asked on the Form Complaint, what federal law Plaintiff claims was violated, Plaintiff replied: "Libel 5th 6th 8th [and] 9th and 14th amend. to the U.S. Cons. Articles 1, 2, 3, 5, 7, 10 [and] 11(i) to the Declaration of Human rights." Id. ¶ III. By way of relief, Plaintiff seeks "compensation." Id. ¶ VI.

4

### 2. The Complaint is a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

Although Plaintiff does not specifically reference Section 1983 of the Civil Rights Act in the allegations of the Complaint, a liberal reading of the Complaint requires us to conclude that because Plaintiff is claiming that his federal Constitutional rights were violated, Plaintiff is making his claim under the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("Section 1983").  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

### 3. The Defendants do not Act Under Color of State Law.

The Complaint fails to state a claim under Section 1983 because the named Defendants do not act under color of state law as is required by Section 1983.  In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that 1) the challenged conduct was committed by a person acting under color of state law and 2) that the conduct infringed on Plaintiff's federal rights.  See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  The private newspaper, the Tribune Review, its writer, Matthew Santoni and the television news, Channel 11 do not, as a matter of law, act under color of law so as to be liable under Section 1983.  See, e.g., Lewis v. City of Trenton Police Dept., 175 F. App'x 552, 554 (3d Cir. 2006) ("we have little difficulty concluding that Lewis' claims against the newspaper defendants were also subject to dismissal for

frivolousness. Essential to an action under § 1983 are allegations that a person acting under color of state law engaged in conduct depriving a plaintiff of his constitutional rights. Because the newspaper defendants are private parties and there is simply no indication that they acted under color of state law, the District Court did not err in dismissing Lewis' claims against them.") (citation omitted); Banks v. Pittsburgh Tribune Review, Civ.A. No. 07-336, 2007 WL 1314617, at *4 (W.D. Pa. May 4, 2007) ("The private newspaper, the Tribune Review, its publisher and its editor-in-chief do not, as a matter of law, act under color of law so as to be liable under Section 1983."); Mimms v. Philadelphia Newspapers, Inc., 352 F.Supp. 862, 865 (E.D. Pa. 1972) ("First, the complaint does not-and could not-allege that defendants other than the warden acted under color of law. They are newspaper people whose orbit is far from the governmental sphere and, by virtue of the first amendment, essentially insulated from it."). Accordingly, Plaintiff's Complaint should be dismissed because it fails to reveal action committed under color of state law.

**4. The Declaration of Human Rights does not Provide a Cause of Action.**

Plaintiff also invokes the Declaration of Human Rights, alleging that the Defendants violated that charter as well as the Constitution of the United States. The Complaint should be dismissed for failure to state a claim upon which relief can be granted because the Declaration of Human Rights provides no private cause of action to Plaintiff. Himchak v. Dye, No. 16-3654, 2017 WL 1291195, at *2 (3d Cir. Apr. 7, 2017) ("The Declaration is a non-binding declaration that provides no private rights of action."). Accordingly, this claim should be dismissed.

**5. Libel is not a Federal Cause of Action.**

Plaintiff apparently attempts to bring a state tort law cause of action for libel. However, if the District Court adopts the recommendation to dismiss all federal law claims, then supplemental jurisdiction over the state law claim should not be exercised. See, e.g., Banks v., 2007 WL 1314617, at *6 ("if the District Court adopts the recommendation to dismiss all of the

federal claims, it should exercise its discretion to decline supplemental jurisdiction over the state law claim" of libel).

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this civil action be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted:

    s/Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Date: August 22, 2017

cc: The Honorable David Stewart Cercone
    United States District Judge

LINCOLN DAVE LEVYS, JR.
MV 2607
SCI Camp Hill
P. O. Box 200
Camp Hill, PA 17001